State *v.* Dismukes.

## State *v.* Dismukes.

### (*Nashville.*   February 1,   1899.)

1. BOND TO KEEP THE PEACE.   *Joint, by two.*

   Under proceedings to keep the peace, a separate bond should be required of each defendant; but if two defendants give a joint bond it is valid, and may be enforced upon a breach by either.   (*Post, pp. 696, 697.*)

2. SAME.   *Return of bond to Circuit Court.*

   A bond to keep the peace, taken by a Justice of the Peace, must be returned to the Circuit Court of the county by the first day of the next succeeding term, whether there is an appeal or not.   (*Post, p. 697.*)

   Code construed: ⸹⸹ 6903, 6915 (S.); §§ 5770, 5781 (M. & V.); ⸹⸹ 4942, 4953 (T. & S.).

3. SAME.   *Power of Circuit Court.*

   The Circuit Court may proceed to determine whether there has been a breach of a bond to keep the peace before the defendant has been tried and convicted of the offense constituting the alleged breach.   (*Post, p. 697.*)

   Code construed: ⸹ 6921 (S.); ⸹ 5788 (M. & V.); ⸹ 4960 (T. & S.).

4. SAME.   *Defendant has right to jury trial.*

   The defendant is entitled to a jury trial in the Circuit Court of the question as to his breach of his bond to keep the peace. (*Post, pp. 697, 698.*)

5. SAME.   *Notice sufficient, when.*

   Notice that forfeiture of a peace bond will be moved for in the Circuit Court is sufficient in its recitals, which embodies all the proceedings before the Justice of the Peace, recites and sets out the bond and the breach thereof, with the particulars of the breach.   (*Post, pp. 698–700.*)

   Code construed: ⸹§ 6903, 6921   (S.); ⸹⸹ 5770, 5788 (M. & V.); ⸹⸹ 4942, 4960 (T. & S.).

State *v.* Dismukes.

6. SAME.　*Clerk cannot issue notice of forfeiture, when.*

The Clerk of the Circuit Court has no authority, without an order of the Court, made upon suggestion of the District Attorney-general directing it, to issue notice of the contemplated forfeiture of a peace bond.　(*Post, pp. 699, 700.*)

Code construed; § 6903 (S.); § 5770 (M. & V.); § 4942 (T. & S.).

Cases cited and approved: Hillsman *v.* Hickerson, 3 Head, 575; Frierson *v.* Harris, 5 Cold., 146.

---

FROM SUMNER.

---

Appeal in error from Circuit Court of Sumner County.　A. H. MUNFORD, J.

Attorney-general PICKLE, and J. J. TURNER for State.

SEAY & SEAY, B. D. BELL, J. A. TROUSDALE, and G. W. BODDIE for Dismukes.

WILKES, J.　The question presented in this case is whether the trial Judge erred in sustaining a demurrer, to what is treated in the record as a *scire facias*, to have a forfeiture of a peace bond declared.　It appears that W. C. Dismukes and his son, Martin Dismukes, had been required by a Justice of the Peace of Sumner County to enter into a bond for $500, conditioned to keep the peace, especially as against J. C. Rodes and Charles E. Rodes.　There is a recital that they appealed from

the judgment of the Justice to the Circuit Court,
but no bond for appeal was given, as required by
the statute (Shannon, § 6914). The papers were,
however, returned into the Circuit Court under
§ 6915, Shannon. After the papers were filed in
Court a *scire facias* was issued by the Clerk of the
Court, requiring the parties to appear and show
cause why judgment should not be rendered on said
bond for a violation of its terms. One writ was
issued to Sumner County, and returned executed as
to W. C. Dismukes, but not as to Martin Dis-
mukes; a duplicate was issued to Davidson County
for Martin Dismukes and served on him in that
county. In this *sci. fa.* the proceedings of the
Justice of the Peace are set out *in extenso*, and
they are made a part of the *sci. fa.* It also re-
cites that, after the bond was issued, Martin Dis-
mukes shot J. C. Rodes upon the Public Square in
Gallatin.

There appears to be an indorsement upon it show-
ing that it was issued by order of the District
Attorney-general, but there is no recital to that ef-
fect in the body of the *sci. fa.*

A demurrer was filed upon the return of this
paper executed, and several grounds were set out,
which need not all be specially mentioned.

It is said the peace bond was a joint one for
both father and son, and such a bond was not proper.
This is true. A separate bond should have been
required of each defendant bound over; but having

executed a joint bond, each of the parties are bound by its stipulations, and it can be enforced against either or both, if violated, and proper steps taken to declare a forfeiture.

The practice, in case of proceedings to keep the peace, is laid down in the statutes (Shannon, §§ 6904–6925), but the matter has been but rarely before the Court. It is clear, however, from § 6915, that all bonds taken by Justices of the Peace, under the provisions of the statute, are to be returned into the Circuit Court of his county by the first day of the next term of the Court, and any further proceedings upon the bond are to be had in that Court, whether an appeal is taken or not. See, also, Shannon, § 6903.

Section 6921 provides as follows: "An undertaking to keep the peace is forfeited by the commission by the defendant of any offense upon the person or property of another, which may be ascertained by a jury without the conviction of the defendant therefor in the Circuit Court, upon ten days' notice to the parties against whom the forfeiture is sought."

We think it clear that under this section the Court may proceed to determine whether the terms of the bond have been breached by the defendants, whether they have been tried or convicted of any offense or not, and without waiting for such trial. There is more difficulty as to the manner in which the Court may proceed. The defendant is clearly entitled to a trial by jury of the question as to

whether he has breached his bond or not, and is also · entitled to ten days' notice that a forfeiture will be sought.

The statute, § 6921, above quoted, does not prescribe who shall issue this notice, nor at whose instance, nor what it shall contain. Upon principle it is evident that the proceeding to have a forfeiture declared should be by the State and at the instance of its representative, the District Attorney-general, since the offense is against the State. See, also, § 6903, Shannon. But the statute, § 6921, does not prescribe who shall issue the notice or *scire facias*, nor what it shall contain, nor does § 6903.

We think there can be no criticism of the matter set out in the *scire facias*, which is evidently intended as notice under the statute, as its recitals are very full, setting out verbatim the proceedings before the Justice of the Peace, with copies of the original affidavit, the judgment of the Justice, the bond given before him, in short, all the papers in the case up to the time the summons issued, and a recital that the bond had been breached, and the particulars of the breach. It is objected that the copy issued to Davidson County does not purport to be a counterpart, but appears as an original. This is at best an informality that does not go to the merits of the case, and the party having appeared and defended upon other grounds as well as that of jurisdiction, the defect, if any, on this point is waived. But the important question in the case is,

whether this notice or summons or *scire facias* prescribed by the statute, can be issued by the Clerk without the order of the Court first had. If we treat it as a *scire facias*, and it seems to be more nearly assimilated to that proceeding than any other, and is so called in § 6903, then, its issuance is a judicial act and must be based upon a suggestion entered upon the record, and it must be awarded by the Court, and the Clerk has no power or authority to issue the writ unless empowered by a rule of the Court or by some statutory provision. *Hillman Bros.* v. *Hickerson*, 3 Head, 575; *Frierson, Administrator*, v. *Harris*, 5 Cold., 146.

There is no statutory provision authorizing the Clerk to issue such notice, or *sci. fa.*, and no rule or order of Court was obtained in this case. We are of opinion that the statute contemplates a formal proceeding before a forfeiture can be declared, at which the defendant is allowed to present all his defenses, and have a jury for their determination, if he desires. The proper practice is, therefore, to require a suggestion, made in open Court and entered upon the minutes of the Court, that the bond has been given and returned into Court and has been breached, and, upon this suggestion, which should be made at the instance of the District Attorney-general, the Court will, if it think proper, direct a *scire facias* to issue, returnable after ten days, requiring the defendant to appear and show

State *v.* Dismukes.

cause why the forfeiture should not be taken.   A *scire facias* issued by the Clerk without the order of the Court is not sufficient.

The judgment of the Court below is affirmed with costs.